WELLS, Chief Judge.
 

 Keyion Gale appeals from an order denying as untimely his Florida Rule of Criminal Procedure 3.850 motion to vacate his no contest plea, which was entered on May 9, 2009. The postconviction motion, which was filed on July 12, 2011, claimed that the trial court failed to inform Gale of the deportation consequences of his plea as required by Florida Rule of Criminal Procedure 3.172(c)(8). We affirm the denial of this claim because it was not raised within the two-year period prescribed by Rule 3.850.
 
 See State v. Green,
 
 944 So.2d 208, 219 (Fla.2006) (providing that “a defendant seeking to withdraw a plea because the trial court did not advise the defendant of the possibility of deportation as part of the plea colloquy must file a rule 3.850 motion within two years after the judgment and sentence become final”). The postconviction motion also claimed that trial counsel failed to advise Gale that accepting a plea would subject him to deportation, citing to
 
 Padilla v. Kentucky,
 
 — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). We affirm the denial of this claim as this court has found that
 
 Padilla
 
 has no retroactive effect, and thus does not apply to pleas taken before
 
 Padilla
 
 was announced.
 
 See Hernandez v. State,
 
 61 So.3d 1144 (Fla. 3d DCA 2011).
 

 Affirmed.